Ouria,per Harper, Chancellor.
We concur with the Chancellor who heard the cause in most of the points decided by the decree, and' do not think it necessary to add to the reasoning. I would reserve my own opinion on the question, whether the wife can take under the description .of the right heirs of the testator. By the terms of the Act of 1791, the provision for the wife, seems to be made as a substitute for dower, and the Act declares that, if accepted by her, it shall be in lieu and bar of dower.
We differ, however, from the Chancellor, as to the construction of the residuary clause of the codicil, and think it must be taken to extend to the entire residuary estate of the testator. It may be a probable conjecture, that the *215 testator, (having, in the meantime, received the proceeds of his crop,) by his codicil, intended only the stock and money, which should be on hand at the time of his death, but we are not authorized to determine, upon conjecture, contrary to the import of the words. It will be recollected, that by the will, the entire residuary estate has been directed to be turned into money, and the words, “ stock and money,” therefore, will include the whole residue. There is some obscurity and confusion in the will, from the testator’s first saying, in the residuary clauses, that the residue of his estate will be very considerable, and then speaking doubtfully, as whether there will be a sufficiency to pay the legacy of $20,000 to the school, and then doubtfully, whether there will be a further residue to be given to the children. But the rents, profits, and income of the estate, to be vested for the younger children, are expressly included in those clauses. By the codicil, a different disposition is made of the $20,000, giving only one half of it to the School, one fourth to the Church, and another fourth to a friend. It seems that we can make nothing more of it than this, by the will, he gives what shall remain, after satisfying the 20,000, to the children, who shall attain 21. By the codicil, he gives what shall remain, after satisfying the $20,000, to the children, generally, in terms, to vest it presently. It does not appear to us, that these provisions can be taken to relate to different residues.
The decree is modified accordingly.
WM. HARPER.